UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **In re:** <br><br> **JUDSON COLLEGE,** <br><br>       **Debtor**. | Chapter 11 <br><br> Case No. 24-20004 |

## CHAPTER 11 CASE MANAGEMENT SUMMARY

Debtor Judson College ("Judson College" or the Debtor") files its case management summary as follows:

1. **Description of debtor's business:** The Debtor was founded as a liberal arts college for women in 1838 by members of the Siloam Baptist Church in Marion, Alabama. At a time when higher education for women was limited, the founders sought to establish a school for young women that would provide them with the same quality of education that young men received. As such, the Debtor is the oldest women's college in Alabama, and is also one of the oldest women's colleges in the United States. The Debtor has been committed to providing quality undergraduate instruction, building leadership skills, strengthening faith, and preparing women for ever-expanding roles in society. After several years of declining enrollment, on May 6, 2021, the Debtor's Board of Trustees voted to suspend academic operations.

2. **Location of debtor's operation and whether leased or owned:** The Debtor conducts its business in Jewett Hall, located at 302 Bibb Street, Marion, AL 36752, which it leases from the Judson Foundation.

3. **Reason for filing Chapter 11:** As a not-for-profit institution of higher learning, the Debtor has relied upon student tuition and related fees and donations to fund its educational

1

mission. Unfortunately, the Debtor experienced declining enrollment over the past two decades and the tuition, fees and donations were not sufficient to fund the Debtor's operating expenses. In recent years, tuition brought in approximately $14,000 per student per academic year. But based on enrollment in 2020, the cost to operate the College was approximately $40,000 per student per academic year. As of December 2020, the Debtor had only 145 students enrolled, and only 80 students registered for the Fall 2021 semester. The approved budget for the 2021-2022 academic year that would begin June 1, 2021 was approximately $9.1 million.

Recognizing that the Debtor would not be able to meet its budget for the 2021-2022 academic year, beginning in December 2020, the Debtor made an appeal to supporters for donations. As a result of these efforts, the Debtor received approximately $3.7 million in new donations, which made it possible for the Debtor to complete its 2020-2021 academic year. However, the Debtor needed commitments of at least $5 million to satisfy operating expenses and debt service for the 2021-2022 academic year.

Accordingly, on May 6, 2021, the Debtor's Board of Trustees voted to suspend academic operations of the 183-year-old institution. The Board of Trustees also appointed the Steering Committee to work with school officials and hired counsel to advise regarding the wind-down the Debtor's academic operations in an honorable fashion by addressing its financial liabilities.

Having ceased educational operations, the Debtor was unable to pay obligations on its Revenue Bonds, Judson College Series 2010, dated as of October 1, 2010, issued by The Educational Building Authority of the City of Marion or its debts to Marion Bank & Trust, First Cahawba Bank, or West Alabama Bank & Trust.

On September 19, 2022, West Alabama Bank, Marion Bank, and FCB (collectively, the "Banks") filed a consolidated complaint against the Debtor in the Circuit Court of Perry County,

Alabama (CV-2022-900037.00) (the "Banks Lawsuit") seeking a judgment for breach of the Banks' respective promissory notes in the principal amount of the banks' claims.

On September 19, 2022, Regions Bank, as Indenture Trustee, filed a complaint against the Debtor in the Circuit Court of Perry County, Alabama (CV-2022-900040.00) (the "Indenture Trustee Lawsuit") seeking entry of a judgment for the breach of the applicable bond documents. The Indenture Trustee Lawsuit seeks a judgment against the Debtor for the principal balance of the accelerated Bond Lease Claim (as defined in the Disclosure Statement). The Indenture Trustee Lawsuit also seeks a declaratory judgment that the Indenture Trustee has an interest in the Debtor's general endowment fund that is "senior to" the interests of the Educational Authority of the City of Marion, the Debtor, or the Banks.

On July 15, 2022, Mr. Frank Mann ("Mr. Mann"), a beneficial holder of certain of the Bonds, filed a complaint in the Circuit Court of Jefferson County, Alabama (CV-2022-902060) (the "Mann Lawsuit") against certain of the Debtor's trustees and past and present officers as well as the Convention and its executive director. Mr. Mann asserted various claims for fraud, deceit, violations of Alabama Securities Act, and declaratory relief pertaining to certain disclosures and alleged omissions in connection with the issuance of the Bonds. Mr. Mann filed a First Amended Complaint on September 7, 2022, adding the State Board of Missions as a defendant. On September 14, 2022, Mr. Mann filed a Second Amended Complaint against the same defendants.

The Debtor was not named as a defendant in the Mann Lawsuit; however, the assertion of Mr. Mann's claims against the Debtor's trustees and officers triggered certain statutory and contractual indemnification obligations the Debtor owed to those named defendants.

The Banks Lawsuit, Indenture Trustee Lawsuit, and Mann Lawsuit were stayed pending mediation. The Debtor, the Indenture Trustee, Banks, and others entered into a Comprehensive

Mediation Settlement Agreement to resolve the Banks Lawsuit, Indenture Trustee Lawsuit, and Mann Lawsuit.[1] The Debtor filed its Chapter 11 Petition and Plan to implement the parties' settlement.

Pursuant to the Comprehensive Mediation Settlement Agreement, the effectiveness of which is subject to confirmation of this Plan, the Debtor has conditionally proposed to pay to certain holders of Allowed Claims the net proceeds from the Debtor's Restricted Funds. The Restricted Funds are restricted endowment funds held by the College that are not property of the Debtor's estate and that generally would not be available to pay claims of the Debtor's creditors absent the Debtor's affirmative cooperation. However, pursuant to the Comprehensive Mediation Settlement Agreement, the Debtor agreed to seek and has now obtained conditional state court authority to use those Restricted Funds to help pay the Allowed Claims of the Debtor's creditors. Also pursuant to the Comprehensive Mediation Settlement Agreement, the Baptist Entities have agreed to contribute the Baptist Entities Plan Contribution to help fund distributions to creditors subject to confirmation of the Plan. The Plan provides also for the liquidation of substantially all of the property of the Debtor's Estate in accordance with Chapter 11 of the Bankruptcy Code, with the proceeds therefrom to be used to pay Allowed Claims in accordance with the terms of the Plan. The Plan also provides for the creation of a Plan Trust to be administered by the Plan Trustee, subject to oversight by the Plan Trust Oversight Committee, that will be responsible post-confirmation for liquidating those assets of the Debtor that are contributed to the Plan Trust pursuant to the Plan and for making Distributions to Holders of Allowed Claims.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings provided in the *Disclosure Statement for Chapter 11 Plan of Judson College, Inc.* [Docket No. 76] (the "Disclosure Statement").

In consideration for the Debtor's contribution of certain non-Estate assets including the Restricted Funds toward the payment of Allowed Claims and the Baptist Entities' contribution of the Baptist Entities Plan Contribution to further enhance distributions to creditors, the Plan provides for releases of claims and causes of action that direct or beneficial holders of Claims against the Debtor (including any and all holders of beneficial interests in the Bonds) have or may have against the Debtor, the Debtor's trustees, officers, employees, and other representatives. Those releases are material to the Debtor's Plan, without which the Debtor's Comprehensive Mediation Settlement Agreement cannot be implemented nor the Plan confirmed.

4. **List of officers and directors, if applicable, and their salaries and benefits at the time of the filing and during the 1-year period prior to filing:**

a. Daphne R. Robinson is President, and she is paid an annual salary of $72,000.00.

b. Charlotte S. Clements is Vice President, and she is paid an annual salary of $35,000.00. She received reimbursement expense in the amount of $109.46 for 2023.

c. Traci Foster is Associate VP of Data Management and IT, and she is paid an annual salary of $35,000.00. She received reimbursement expense in the amount of $2,246.55 for 2023.

5. **Debtor's annual gross revenues**. The Debtor's gross annual revenue from business operations was $60.00 in 2023. Its gross annual non-business revenue, which arose from gifts, interest, and sales, was $1,154,618.29 in 2023.

6. **Amounts owed to various classes of creditors:**

a. **The Debtor's Chapter 11 Plan provides treatment for the following classes of creditors:**

Class 1 Priority Non-Tax Claims
Class 2 Bond Lease Claims
Class 3 Bank Claims

Class 4 Indemnification Claims

Class 5 General Unsecured Claims

b. **Identity, collateral, and amounts owed to secured creditors.**

Regions Bank, in its capacity as trustee under the Bond Indenture ("Indenture Trustee"), is the Debtor's only secured creditor. Consistent with the Comprehensive Mediation Settlement Agreement, the Indenture Trustee has filed an unsecured claim in the amount of $10,199,635.15, but has purportedly reserved the right to amend such proof of claim to assert a security interest in the Debtor's assets in the event the Comprehensive Mediation Settlement Agreement is terminated or deemed unenforceable. Except as otherwise provided in the Comprehensive Mediation Settlement Agreement and Plan Support Agreement, the Debtor reserves all rights, claims, and defenses with respect to any claims against the Debtor or its estate.

c. **Amount of unsecured claims**

According to the Debtor's Schedule F, unsecured claims total $5,746,152.66. Except as otherwise provided in the Comprehensive Mediation Settlement Agreement and Plan Support Agreement, the Debtor reserves all rights, claims, and defenses with respect to any claims against the Debtor or its estate.

7. **General description and approximate value of the debtor's current and fixed assets**: The Debtor's assets include the following:

   a. Cash and cash equivalents - $235,091.03;

   b. Collectible receivables - $52,451.00;

   c. 396 shares of stock in Marion Bank & Trust - $43,310.52;

   d. Vehicles and other equipment - $5,600.00;

   e. Real property - $475,274.00;

   f. Intangibles and intellectual property - $2.00;

   g. Other assets, including claims against others - $641,786.38.

As of the Petition Date, the total amount of the Debtor's Restricted Funds was approximately $7,182,309.45. As more particularly described in the Disclosure Statement and above, the

6

Restricted Funds are restricted endowment funds held by the Debtor that are not property of the Debtor' estate and that generally would not be available to pay claims of the Debtor's creditors absent the Debtor's affirmative cooperation.

8. **Number of employees and wages:**  The Debtor employs three administrative employees whose salaries are reported in section 4 above.  It also employs 6 security personnel who are paid on an hourly basis.

9. **Status of Debtor's payroll and sales tax obligations, if applicable**.  The Debtor is current on all payroll and sales tax obligations for which it is not exempt.

10. **Anticipated emergency relief to be requested**.  The Debtor does not anticipate filing requests for emergency relief.  It filed a request for expedited hearings on motions seeking orders (i) authorizing the Debtor to pay pre-petition wages, (ii) waiving the requirement that the Debtor establish a debtor-in-possession bank account, (iii) establishing adequate assurance for utility providers, (iv) setting a bar date, and (v) approving its Disclosure Statement.  The motion for expedited hearing was granted, and the motions were heard on January 23, 2024.  The Bankruptcy Court granted all expedited relief requested.

*/s/ Alexandra K. Garrett*
Alexandra K. Garrett
Jason R. Watkins
SILVER, VOIT GARRETT & WATKINS
Attorneys at Law, P.C.
4317-A Midmost Drive
Mobile, AL 36609-5589
Telephone:  251-343-0800
E-mail:  agarrett@silvervoit.com
jwatkins@silvervoit.com
LS-9025-15409

/s/ Jay R. Bender
Jay R. Bender
James B. Bailey
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: 205-521-8000
E-mail: jbender@bradley.com, jbailey@bradley.com

Attorneys for Judson College

CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing Chapter 11 Case Management Summary was filed using the Court's EM/ECF electronic filing system and has been served upon the following parties and counsel of record as set forth below on February 8, 2024.

*By electronic service*:

BANKRUPTCY ADMINISTRATOR
mark_zimlich@alsba.uscourts.gov

J. Evans Bailey on behalf of Interested Party Alabama Baptist State Convention
ebailey@rushtonstakely.com, tf@rushtonstakely.com

J. Evans Bailey on behalf of Interested Party State Board of Missions of the Alabama Baptist State Convention
ebailey@rushtonstakely.com, tf@rushtonstakely.com

J. Evans Bailey on behalf of Interested Party Rick Lance
ebailey@rushtonstakely.com, tf@rushtonstakely.com

James Blake Bailey on behalf of Debtor 1 Judson College
jbailey@bradley.com, jbailey@ecf.courtdrive.com

Jay R. Bender on behalf of Debtor 1 Judson College
jbender@bradley.com, hball@ba-boult.com

Frederick D. Clarke on behalf of Creditor Ad Hoc Committee of Bondholders
fclarke@rumberger.com, ldowner@rumberger.com;docketingorlando@rumberger.com

Alexandra K. Garrett on behalf of Debtor 1 Judson College
agarrett@silvervoit.com,
notices@silvervoit.com,g35461@notify.cincompass.com;garrett.alexandrak.b@notify.bestcase.com

8

Case 24-20004    Doc    Filed 02/08/24    Entered 02/08/24 16:01:38    Desc Main
                Document      Page 8 of 9

Debra Lewis on behalf of Creditor Regions Bank
dlewis@balch.com

James B. McNeill, Jr. on behalf of Attorney First Cahawba Bank
jbm@hhpclaw.com

Jeremy L. Retherford on behalf of Creditor Regions Bank
jretherford@balch.com, blankford@balch.com

Robert P. Reynolds on behalf of Creditor West Alabama Bank & Trust
rreynolds@rrllaw.com

Patrick L. Sefton on behalf of Creditor Marion Community Bank
Pat.Sefton@chlaw.com, lbrewer@sasserlawfirm.com

Daniel D. Sparks on behalf of Debtor 1 Judson College
ddsparks@csattorneys.com, dan-sparks-9722@ecf.pacerpro.com

Jason R. Watkins on behalf of Debtor 1 Judson College
jwatkins@silvervoit.com, JAY@ecf.courtdrive.com;ohock@silvervoit.com

R. Scott Williams on behalf of Creditor Ad Hoc Committee of Bondholders
swilliams@rumberger.com,
docketingorlando@rumberger.com;swilliamssecy@rumberger.com;ldowner@rumberger.com;mcourtney@rumberger.com

                                              */s/ Alexandra K. Garrett*
                                              Alexandra K. Garrett